CASE 108.—AGREED CASE SUBMITTING THE QUESTION WHETHER PLAIN-
TIFFS HAVE POWER TO BORROW MONEY AND MORTGAGE THE TRUST
PROPERTY OF THE SPEERS HOSPITAL TO SECURE ITS PAYMENT—
MAY 17.

# Ellenherst v. Pythian, &c.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS. AFFIRMED.

TRUSTS AND TRUSTEES—POWER OF COURT TO AUTHORIZE BORROWING
OF MONEY AND EXECUTION OF MORTGAGE.

Held:   Under a will devising property to trustees to establish and
maintain a hospital to be conducted in such manner as, in the
judgment of the trustees, will do the greatest good, and requir-
ing the trustees to annually report their acts to the highest court
in the county having original equitable jurisdiction, the circuit
court has power to authorize the trustees to borrow money to
pay debts and make needed repairs, and to execute a mortgage
on the trust property to secure its payment.

M. HEROLD, FOR APPELLANT.

      (No brief.)

C. J. AND W. W. HELM AND J. C. WRIGHT, FOR APPELLEES.

Elizabeth Speers, by her will, gave the greater part of her
estate "in trust for the establishment and maintenance of a
hospital in the city of Dayton in Campbell county, Ky.   The
said hospital to be erected, maintained and conducted in such
manner and upon such plans as in the judgment of the trustees
would do the greatest good."   "The trustees to annually report
all their acts and doings to the higher court in said county
having original equitable jurisdiction, and all vacancies in said
trustees shall be filled by said court."

The trustees, with the funds, bought land in the city of Day-
ton, taking the deed to themselves, as trustees, under said will,
their successors and assigns, and erected a handsome building
thereon.

The appellees succeeding to the trustees, found the hospital in
debt and needing repairs.   They applied to the chancellor, lay-
ing all the facts before him and he authorized them to borrow
$6,000 to pay debts, and $2,000 to make needed repairs, and to

execute a mortgage on the property to secure it. The appellant agreed to loan appellees this money, and then doubting the power of the chancellor to enter said decree, and of the trustees to borrow said money and execute the mortgage, the facts were agreed on and this case presented for adjudication. Ford, &c. v. Ford, Exr., 91 Ky., 572.

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER. AFFIRMING.

Elizabeth L. Speers made and published her last will, in which she made many specific devises. The nineteenth clause of the will disposes of the residue of her estate. As much of that clause of the will as is necessary to be quoted reads as follows. "It is my will that my said executors . . . convey and transfer the entire balance of my estate, real personal, and mixed, of every kind and wherever situated, . . . for the establishment and maintenance of a hospital in the city of Dayton, in Campbell county, Kentucky; the said hospital to be erected, maintained, and conducted in such manner and upon such plan as, in their judgment, would do the greatest good. Said trustees shall annually report all their acts and doings to the highest court in said county having original equitable jurisdiction, and all vacancies in said trustees shall be filled by said court." This action involves the interpretation of that clause of the will. The trustees originally appointed seem to have resigned or been removed, and the appellees, J. L. Pythian, W. E. Senour, and J. O. Jenkins substituted in their stead. The money which was paid to the trustees was spent in the erection of a very handsome and commodious hospital. Either in the erection or management of the hospital it has become involved in the sum of $6,000, and $2,000 more is wanted for the purpose of needed repairs. The trustees who are now acting were appointed by the Campbell Circuit Court, and they applied to that court to grant them per-

mission to borrow the $8,000, and execute a mortgage up-
on the hospital property to secure it.	The question in-
volved on this appeal is as to whether the court had the
power to authorize the trustees to contract the indebted-
ness in question, and execute a mortgage on the property
to secure its payment.	It is evident that the testatrix in-
tended that a court of general equitable jurisdiction in
Campbell county should have a supervisory power in the
management and control of the property.	It would have
been idle to have given to the court authority to require
the trustees to execute bond for the faithful discharge of
their duties as such, and to require them to make re-
ports to the court, if it was not intended that it should
have some control over the property and the trustees.	It
is the judgment of the trustees that it is in the interest of
the institution that they should be permitted to borrow
money to meet its obligations and make needed improve-
ments.	Their judgment is approved by the court to
which it was their duty to make reports as to the condi-
tion of the fund or property.	It would be unfortunate if
there was no power anywhere to enable the trustees to
relieve the institution of its present embarrassment, and
place it in a position where it can take care of the sick,
and thus accomplish the beneficent purpose of the testa-
trix.	This is unquestionably a charitable institution.
In reference to trusts which are charitable, Perry, Trusts,
section 707, says:	"In all these cases it is immaterial
from what source the funds that constitute the trust are
derived,—whether from the bounty of individuals, the
Crown, the State or Legislature.	If a trust is contem-
plated and endowed with funds from any source for a gen-
eral public purpose, it will be regulated and controlled by
a court of equity, upon proceedings instituted before it."

The circuit court provided in its order that a sinking fund should be created for the purpose of paying the interest which may accumulate on the debt, and also for the payment of the debt. It seems to have been careful to protect the institution by requiring the trustees to create a fund to meet its liabilities. The institution is situated in the county in which the circuit judge resides. He is acquainted with it and the character of its trustees, and we feel it safe to follow his judgment as to what is best for it. The judgment is affirmed.