L. C. FERRELL AND WIFE, OPHELIA MAY FERRELL, AND R. J. DAWSON AND WIFE, KATIE IVEY DAWSON, v. METROPOLITAN LIFE INSURANCE COMPANY, AND J. GRANBERY TUCKER AND LEON S. BRASSFIELD, SUBSTITUTED TRUSTEES.

(Filed 7 April, 1937.)

Trusts § 8b: Wills § 33f—Devise for benefit of devisees with full power of disposition held to empower devisees to mortgage the land.

Testator devised the lands in question to certain of his children with limitation over to certain other children if devisees died without surviving children, and by codicil provided that devisees should have the right to dispose of their respective shares by deed or will in fee, with limitation over in the event they should die without surviving children and without having disposed of the property. *Held:* The devise was for the benefit of the devisees, and the unrestricted power of disposition included the power to mortgage, and a deed of trust executed by one of the devisees is a valid encumbrance on his allotted share of the land.

APPEAL by plaintiffs from *Spears, J.,* at November Term, 1936, of LENOIR. Affirmed.

This is an action brought by plaintiffs against defendants to cancel a certain note, secured by deed of trust, which had been duly recorded, held by defendants as a cloud upon the title of plaintiffs to the certain land in controversy. The property was advertised and plaintiffs applied for and were granted a restraining order.

Jerry Sutton made and executed a certain will and codicil to same, which was duly witnessed and probated in the record of wills in Lenoir County, N. C. The material part of the will to be considered is as follows:

"Item 7. I give and devise to my sons, Charles Sutton, John I. Sutton, and Clarence Sutton, all my lands wherever situated of which I may die seized and not otherwise herein devised. To have and to hold to them and their heirs, but if either of my said sons shall die without

lawful children, then I devise the interest of such son or sons so dying to my surviving children born of my second wife, whose maiden name was Sallie Ivey. And in that event, the word children shall be construed to mean that they shall take *per stirpes* and not *per capita*. The lands devised to my said three sons in this item is given and devised to them upon this express condition: That my said three sons, Charles, John I., and Clarence, and each of them, shall, within a reasonable time, pay over and deliver to my daughters, Octavia B. Herring, Ella Moore, Hepsy Sutton, and Sarah Sutton, and Ava Sutton, such sums of me (money) as they, my said sons, shall be entitled to and receive from the Mutual Benefit Life Insurance Company, the same being Policy No. 188894, now in force on my life and dated February 24, 1893. Such amounts shall be held by my said daughters as their property when so paid over. And if either or any of my said sons shall be a minor or minors at the time of my death, it shall be the duty of their guardian to pay the said insurance money to my said daughters within a reasonable time. And if my said sons shall fail and decline to pay over their interest in said insurance money, or if their guardian shall fail to pay the same, or if for any cause the said policy of insurance shall not be paid to the beneficiary named in the policy, then, in either event, I devise the said lands to all of my children born of my said second wife, except my son Jeremiah Sutton, who has already been provided for. To have and to hold the same to them and their heirs."

The material part of the codicil to be considered is as follows: "Item 4th: At the end of Item 7 of my said will, add the following: It is my will that my said sons, having paid over the insurance money as directed in this item, shall have the right to dispose of their respective shares by deed or will in fee, but if either or all of them shall die without issue seized and possessed of their share, then I devise the shares of such as shall die without issue and without having disposed of the same to my other children born to me by my said Ivey wife, except my son, Jerry Sutton, who has already had his share of my estate. It is further my desire in the division of my said lands mentioned in this item among my said three sons, that the residue and premises surrounding same now occupied by me shall be on the share allotted in the said division to my son, Clarence Sutton, all my said three sons to have an equal share in value of said lands. In testimony whereof, I, the said Jeremiah Sutton, in all things and respects ratifying and confirmin my said will, except as modified in this codicil, have hereunto set my hand and seal, this 9th day of March, 1898. Jerry Sutton (Seal)." The codicil was duly witnessed.

On 30 August, 1926, A. Clarence Sutton made and executed a note for $3,500 to the Metropolitan Life Insurance Company, secured by deed

of trust on the land in controversy to the Raleigh Banking and Trust Company, trustee. J. Granbery Tucker and Leon S. Brassfield, defendants, were duly substituted as trustees. A. Clarence Sutton and wife, Mollie Bell Sutton, on 28 December, 1935, deeded the land in controversy in fee to plaintiffs in this action.

The parties waived a jury trial. The court below found certain facts and rendered judgment in favor of defendants: "The court considers, adjudges, and holds as a matter of law, that the said will and codicil of Jeremiah Sutton fully authorized A. Clarence Sutton to execute a valid and binding mortgage or deed of trust in fee simple on the lands devised to him by said will and codicil. Wherefore, the court is of the opinion and holds as a matter of law, that the power given A. Clarence Sutton by the codicil is a power given for the benefit of the *owner himself,* and should be more broadly construed than a mere power given to a donee having no estate or interest in the subject matter; and that a liberal and broad construction of the power necessarily leads to the conclusion that A. Clarence Sutton had the legal right to execute a valid and binding deed of trust on the land in question, and that the substituted trustees have the right to proceed to exercise the power of sale conferred by the terms of the deed of trust, and that their deed will convey to the purchaser a fee simple title to the land described in said deed of trust," etc.

The plaintiffs excepted and assigned error to the judgment as signed, and appealed to the Supreme Court.

*R. F. Hoke Pollock and John G. Dawson for plaintiffs.*
*Winston & Tucker for defendants.*

CLARKSON, J. The only question presented by this appeal: Did A. Clarence Sutton, under Item 7 of the will of his father, Jeremiah Sutton, and the codicil thereto, have the right to borrow from defendant Metropolitan Life Insurance Company the sum of $3,500, and secure same by deed of trust? We think so.

The authorities are not harmonious. The codicil, in part, is as follows: "It is my will that my said sons . . . shall have the right to dispose of their respective shares by deed or will in fee, but if either or all of them shall die without issue seized and possessed of their shares, then I devise the share of such as shall die without issue and without having disposed of the same to my other children," etc. The sons paid the insurance money as directed.

In *Shannonhouse v. Wolfe,* 191 N. C., 769 (774), is the following: "A clear expression of the proper construction of power to mortgage occurs in the case of *Hamilton v. Hamilton,* 149 Iowa, 329, and is as follows: 'Question is further raised whether, under the power given in

the will, the plaintiff may mortgage the property. That a mere naked power to sell given to an agent or attorney, or to the trustee of any ordinary trust, does not include the power to mortgage is well settled by the weight of authority. In such case the power is to be strictly construed, and will not be extended to cover an act not clearly within the terms of the instrument by which it was created; but a different rule has often been applied where a testamentary power has been given, not for the benefit or profit of the donor, but in the furtherance of some benefit which the donor confers upon the donee. The language creating such a power is to be liberally construed to promote the purpose or intent of its creation, and, if the power to sell is amplified by other words of broader or more general meaning, and the circumstances under which the gift is made be not such as to forbid that construction, the authority to mortgage for the purpose expressed in the writing may be inferred.' " See *Troy v. Troy,* 60 N. C., 624; *Hicks v. Ward,* 107 N. C., 392; *Parks v. Robinson,* 138 N. C., 269; *Mabry v. Brown,* 162 N. C., 217; *Roane v. Robinson,* 189 N. C., 628.

In 21 R. C. L., p. 780, is the following: "And it would seem to be unquestioned that the donee of a power of sale which is unlimited and is to be exercised for his own benefit may execute a mortgage under the power."

In 92 A. L. R., Anno., p. 882, under "Power of Sale as including power to mortgage," at p. 889, we find: "It has been held, or at least stated, in a few cases, that a power of sale in an instrument conferring such power, particularly where the power of sale is unrestricted by other language in the instrument, impliedly confers authority on the donee of the power to mortgage the property (citing numerous authorities). Some of the cases adhering to this rule have proceeded on the theory that a mortgage is a conditional sale," citing authorities. At p. 899: "Where an estate is devised to one for life with power to 'sell and convey the same by deed (part or all of it), the proceeds to be used for devisee's comfort and otherwise as he may think proper,' the power may be exercised by the execution of a mortgage. *Kent v. Morrison* (1891), 153 Mass., 137, 26 N. E., 427, 10 L. R. A., 756, 25 Am. St. Rep.; 616. In other words, an absolute and unrestricted power to sell for the benefit and in the discretion of the devisee of the power includes a power to mortgage. *Ibid.*"

We have examined the case of *Head v. Temple,* 51 Tenn. Reports, 34, cited by plaintiffs. That case was construing a marriage settlement. The other cases cited we do not think necessary to distinguish, from the view we take of the language in the will in this case. The able brief of the plaintiffs is persuasive, but not controlling.

For the reasons given, the judgment of the court below is

Affirmed.