WACHOVIA BANK & TRUST COMPANY ET AL. v. FLORA HEYMANN.

(Filed 10 December, 1941.)

**Wills § 33f—Devise of life estate with power of disposition by act inter vivos empowers devisee to mortgage property.**

> Testator devised certain property to one of his sons for life with remainder to the "children of his body absolutely in fee forever," and by codicil, which ratified and confirmed the will except as changed thereby, gave the devisee "full power to sell or dispose" of the property devised "and receive the proceeds thereof." *Held:* The power of disposition granted in the codicil empowered the devisee to sell or dispose of the property in any manner except by will, which power included the power to mortgage as well as the power to convey by deed.

DEVIN, J., took no part in the consideration and decision of this case.

APPEAL by defendant from *Johnston, Special Judge,* at November Term, 1941, of BUNCOMBE.

Controversy without action submitted on agreed statement of facts.

The plaintiff, being under contract to convey to the defendant a lot of land in the city of Asheville, duly executed and tendered deed therefor sufficient in form to invest the defendant with a fee-simple title to the property, and demanded payment of the purchase price as agreed, but the defendant declines to accept the deed and refuses to carry out her agreement to buy or to make payment of the purchase price on the ground the title offered is defective.

The court being of opinion that upon the facts agreed, the deed tendered was sufficient to convey a fee-simple title to the lot in question, gave judgment for the plaintiffs, accordant with the terms of submission, from which the defendant appeals, assigning error.

*Parker, Bernard & Parker for Wachovia Bank & Trust Co., plaintiff, appellee.*
*J. G. Merrimon for Asheville Mission Hospital, plaintiff, appellee.*
*J. A. Patla for defendant, appellant.*

STACY, C. J.  On the hearing, the question in difference was made to turn on whether Frank A. Mears acquired the right to sell and convey the property in fee simple and also the right to mortgage it under the following clause, as enlarged by the codicil, in the will of G. Augustus Mears, late of Buncombe County, this State:

"Sixth: I give and devise to my son, Frank A. Mears, that certain house and lot situate on the west side of South Main St. in the City of Asheville, N. C., now occupied as a garage, for and during his natural life, and at his death to the children of his body absolutely in fee forever."

In a codicil, the testator ratified and confirmed his will except as changed thereby, and among other things, provided:

"I further modify my last will and testament in this respect. That is, each of my said sons may or shall have full power to sell or dispose of any or all of the property in this will devised to them in fee and receive, the proceeds thereof as to them seems best or proper."

Plaintiff acquired title under foreclosure of deed of trust given by Frank A. Mears and wife to Haywood Parker, Trustee, to secure an indebtedness of $12,000 due to a third party.

It was held in *Smith v. Mears,* 218 N. C., 193, 10 S. E. (2d), 659, in construing this same codicil, that it had the effect of annexing as appurtenant to the life estate, originally created by the will, the power of sale or disposition in the life tenants. *Herring v. Williams,* 153 N. C., 231, 69 S. E., 140; *Parks v. Robinson,* 138 N. C., 269, 50 S. E., 649. This being so, the only additional question now presented is whether the power of sale or disposition given in the codicil includes the power to mortgage. The trial court answered in the affirmative, and we approve. *Ferrell v. Ins. Co.,* 211 N. C., 423, 190 S. E., 746.

It will be observed that the testator ratified and confirmed his will in the codicil, except as changed thereby, and to the power of sale or disposition he added the expression, "and receive the proceeds thereof as to them seems best or proper." This appended clause would seem to contemplate a sale or disposition by act *inter vivos* of any kind in further-

ance of the benefit intended to be conferred on the devisees, including a conditional sale by mortgage or deed of trust. *Hicks v. Ward,* 107 N. C., 392, 12 S. E., 318. See Annotations, 92 A. L. R., 882; 21 R. C. L., 780.

The result is an affirmance of the judgment below.

Affirmed.

DEVIN, J., took no part in the consideration and decision of this case.