THE SHAW UNIVERSITY, a Corporation, v. DURHAM LIFE INSURANCE COMPANY, a Corporation.

(Filed 2 June, 1949.)

**1. Trusts § 20—**

Ordinarily the power given a trustee to sell does not confer authority to mortgage the property, but where the trustees themselves purchase the property for a valuable consideration and have deed made to them in fee for use of an educational institution, with authority to rent or sell and use the proceeds for the purposes of the trust, the authority to mortgage for the purpose expressed in the writing will be inferred, there being nothing in the instrument to indicate an intention to the contrary.

**2. Deeds § 14b—**

A mere statement of the purpose for which the property conveyed is to be used is not sufficient to constitute a condition subsequent, there being no clause of re-entry, nor limitation over, nor other provision to become effective upon condition broken, and nothing in the instrument to indicate that the grantor intended to convey a conditional estate.

**3. Trusts § 20—**

The land was conveyed to grantees for use of an educational institution with mandatory requirement that the grantees apply for charter incorporating the educational institution, and upon its incorporation to convey the property to such institution upon the same uses. The corporation was created with charter authority to execute mortgages and deeds of trust on its property in order to carry out the purposes of its creation. *Held:* There being nothing in the deeds or in the charter of the corporation to the contrary, such corporation has the power to mortgage the property to further the purposes of its creation.

APPEAL by the defendant from *Harris, J.,* at Chambers, in Raleigh, N. C., 19 May, 1949. From WAKE.

This is a controversy without action, submitted on an agreed statement of facts.

The pertinent facts are as follows:

1. The Shaw University has applied to the Durham Life Insurance Company for a loan of $200,000.00, offering as security therefor its bond, secured by a deed of trust on property located in Raleigh, and being the block on which certain buildings of the University are located.

2. The Durham Life Insurance Company is willing to make the loan and has committed itself to do so, provided the University has the authority to execute a valid deed of trust on its property as security therefor.

3. The defendant challenges the authority of the plaintiff to execute a valid deed of trust on its property, by reason of the wording contained in two deeds which form the basis of title to the property offered as security for the proposed loan.

4. The deed from Daniel Barringer to Elijah Shaw and others, trustees, dated 3 May, 1870, and duly recorded in the office of the Register of Deeds of Wake County, reciting a consideration of $13,000.00, conveyed the property to the Trustees in *fee simple* for the following purposes: "Under this deed they shall hold, use and apply said lands and premises to the following uses and trusts and none other: (1) The said parties of the second part shall hold and apply the property herein conveyed to them for the uses and purposes of an educational institution and the *proceeds of the rental or sale thereof* shall be perpetually devoted to *educational purposes,* and no pupil or pupils shall ever be excluded from the benefits arising therefrom or from the benefits arising *from the rental or sale thereof* on account of race, color or previous condition of servi-

tude; (2) the parties of the second part shall apply to the General Assembly of the State of North Carolina as early as it may conveniently be done for a Charter or Act of Incorporation, creating and incorporating a literary institution . . . and as soon as such Charter or Act of Corporation is obtained, said parties of the second part or their successors shall convey the property herein conveyed to the said Corporation to be held by it in all respects upon the same uses and trusts as those herein declared."

5. A charter was granted, creating a corporation as contemplated, by an Act of the General Assembly of North Carolina, being Chapter 153, Private Laws of N. C., Session 1874-75, as amended by *House Bill 1244* of the 1949 Session of the General Assembly of N. C., and The Shaw University is a corporation, duly created and existing under and by virtue of the aforesaid Acts.

6. The surviving Trustees executed a deed to The Shaw University, dated 14 October, 1875, which was duly recorded in Wake County. The essential provisions in the *habendum* of this deed read as follows: "To Have and To Hold the said lands and premises . . ., rights and privileges thereunto in any way appertaining or belonging to the said party of the second part and to their successors and assigns on the trusts herein declared in *fee simple*. In special trust and confidence nevertheless, that the said party of the second part and its successors shall hold, use, and apply the said lands and premises to the uses and trusts hereinbefore specified, and more particularly mentioned in said deed of conveyance to the said parties of the first part."

7. The charter of Shaw University authorizes the corporation to take and hold property by gift, grant, bequest, devise, purchase or otherwise, and to use and dispose of the same for the benefit of the corporation unless the Will of the donor prohibits the corporation from disposing of the devised property; it is also given the power to construct new buildings, remodel, renovate and make additions to old buildings now owned by the corporation or which may be hereafter acquired by it, when such acts are necessary or expedient; and the corporation is also given the power to equip such buildings with suitable furniture and furnishings; "and to this end and for these purposes and for the purpose also of the general upkeep of the present buildings and for the general operation of the present plants and those which may hereafter be acquired or constructed, said corporation shall have power and authority to borrow money and pledge the credit of the corporation therefor, and power to execute mortgages, deeds of trust, and other pledge agreements, both on personal and real property, as security for money so borrowed."

8. It is stipulated that the proposed loan is being sought "for the purpose of building necessary buildings and repairing other buildings,

and to expand facilities of the Institution and the general enlargement of its plant and schools, all of which is for the furtherance of educational purposes."

Upon the stipulated facts, his Honor held that The Shaw University has a good fee simple title to the property referred to herein, and the right to mortgage the same is not restricted by any provisions in the two deeds referred to above, and entered judgment accordingly. The court further directed the defendant to conclude its agreement with the plaintiff by making the loan in accord with said agreement.

Defendant appeals, assigns error and submits the case on appeal to this Court, under Rule 10.

*Mordecai & Mills for plaintiff.*
*Ray B. Brady for defendant.*

DENNY, J.   The sole question presented on this appeal is simply this: Does the plaintiff have the power to execute a valid deed of trust on the premises conveyed by the above deeds?

Ordinarily the power to sell given an agent, attorney or trustee, does not include the power to execute a mortgage. *Shannonhouse v. Wolfe,* 191 N.C. 769, 133 S.E. 93. "The weight of authority is to the effect that a mere power of sale expressly conferred in an instrument does not, by implication, confer authority to mortgage, in the absence of anything in the instrument, read in the light of the surrounding circumstances, to indicate a contrary intent." 41 Amer. Jur. 813.

Even so, a different rule applies when the trust is not created for the benefit or profit of the donor or grantor, but for the benefit of the donee. *Shannonhouse v. Wolfe, supra.  Brogden, J.,* in discussing this question in the above case, quoted with approval from the opinion in *Hamilton v. Hamilton,* 149 Iowa 329, where it is said: "The language creating such a power (that is for the benefit of the donee) is to be liberally construed to promote the purpose or intent of its creation, and, if the power to sell is amplified by other words of general meaning, and the circumstances under which the gift is made be not such as to forbid that construction, the authority to mortgage for the purpose expressed in the writing may be inferred."

The property involved herein was not a gift but a purchase by the Trustees from Daniel Barringer, for a consideration of $13,000.00. The property was not conveyed in trust for the benefit of the grantor, but was conveyed to Trustees, the grantees therein, "for the uses and purposes of an educational institution and the proceeds of the rental or sale thereof" were to be "perpetually devoted to educational purposes."

There is nothing in the Barringer deed to indicate the grantor intended to convey a conditional estate, or that the Trustees intended to purchase or create such an estate. There is no clause of re-entry, no limitation over or other provision which was to become effective upon condition broken. The property was conveyed in fee simple for certain expressed purposes, and authority was given to use, rent or sell it. And the only limitation as to its use or disposition, is to the effect that the property or the proceeds derived from the rental or sale thereof, "shall be perpetually devoted to educational purposes."

It is said in *Hall v. Quinn,* 190 N.C. 326, 130 S.E. 18, "A clause in a deed will not be construed as a condition subsequent unless it expresses in apt and appropriate language the intention of the parties to this effect (*Braddy v. Elliott,* 146 N.C. 578) and a mere statement of the purpose for which the property is to be used is not sufficient to create such condition. *Hunter v. Murfee,* 126 Ala. 123; *Fitzgerald v. Modoc County,* 44 L.R.A. (N.S.), (Cal.), 1229; *Wright v. Board of Education,* 152 S.W. 543; *Forman v. Safe & Trust Co.,* 80 At. (Md.) 298; *Brown v. Caldwell,* 48 A.R. (W.V.) 376; *Highbee v. Rodeman,* 28 N.E. (Ind.) 442; *Raley v. Umatilla County,* 3 A.S.R. 142."

The Barringer deed made it mandatory that the grantees therein apply to the General Assembly of North Carolina for a Charter or Act, incorporating the educational institution now known as The Shaw University. And when such corporation was created, the grantees in the Barringer deed were required, under the terms thereof, to convey the property to the corporation. The corporation was created as contemplated and the property conveyed to it as required. Moreover, the plaintiff has the express power granted in its charter to execute mortgages and deeds of trust on its property, in order to carry out the purposes for which it was created; and we find nothing in the deeds under consideration, or in the charter of the corporation or the amendment thereto, that we deem a restriction on the power of the plaintiff to execute a deed of trust on the premises conveyed in the aforesaid deeds, as security for the loan which it seeks. *Hall v. Quinn, supra; Raleigh v. Trustees,* 206 N.C. 485, 174 S.E. 278; *Ferrell v. Ins. Co.,* 211 N.C. 423, 190 S.E. 746; *Trust Co. v. Heymann,* 220 N.C. 526, 17 S.E. 2d 665.

The judgment of the court below is

Affirmed.