WILLIAM ELBERT LANGSTON ET AL. v. ALLIE BARFIELD.

(Filed 22 March, 1950.)

**Wills § 33f—Devise held for life with unlimited power of disposition for benefit of life tenant.**

> The will devised a life estate to a beneficiary with power to sell all or any part of the lands or appurtenances, provided the proceeds would add to her common comforts and necessities of life, but making her the sole judge of the time and amount of such sales, with further provision that if any of the lands should remain unsold at the time of the beneficiary's death the "residue" should go to testator's other named nieces and nephews in fee. *Held:* The first taker has the right to sell any or all of the lands as well as timber therefrom, and is entitled exclusively to the

proceeds of sale, the sole interest of the remaindermen being in the lands which may remain unsold at the time of the first taker's death.

APPEAL by defendant from *Burgwyn, Special Judge,* January Term, 1950, of JOHNSTON.

Proceeding under Declaratory Judgment Act to determine and declare rights of devisees under a will.

Joseph T. Langston, late of Johnston County, died 8 June, 1948, leaving a last will and testament in which he devised certain lands as follows:

"Item Three: I give and devise to my beloved niece Allie Barfield my two tracts of land (a 56-acre tract and a 30-acre tract, describing them). This devise to the said Mrs. Allie Barfield is for the term of her natural life, but on these specific conditions. If, during her life time, she should need to sell any or all of said land or any appurtenances thereto belonging she may do so, provided such sale and the proceeds therefrom will add to her common comforts and the common necessities of life; and I further specifically provide that she may be the sole judge as to whether she may sell any of said lands; and in the event that she should become disabled to attend to her own personal business affairs, I direct that same, or any part thereof, may be sold by the power of the Court upon a petition filed by her husband or other close friend or relative.

"Item Four: Subject to the life estate and all the provisions and conditions as set out in item three of this my last will and testament, should any remain unsold at the time of her death, I give and devise the residue, be that the whole of the two tracts of land or any unsold part thereof, to the following nephews and nieces of mine: (naming the plaintiffs herein), and this devise is in fee simple. The devise herein made to my several nephews and nieces is made *per capita,* that is to say, that they are to share alike in the division of such of my land as may come to them under the terms of this my last will and testament."

It is conceded that the defendant has sold the timber on one of the tracts of land to Guy C. Lee for $4,100, and has used $2,500 of the amount to pay the costs of an unsuccessful caveat filed by the plaintiffs.

The trial court adjudged and declared the rights of the parties as follows:

1. That the defendant, Allie Barfield, is vested with a life estate in the lands devised in Item Three, "with the power and right of disposal of said lands and appurtenances, or any part of any, during her lifetime, provided such sale and the proceeds therefrom are added to the common comforts and necessities of her life."

2. That the plaintiffs are devised a remainder estate in fee simple in said lands "share and share alike, *per capita,* subject to the life estate

of the defendant and her power of disposal devised to her as declared above."

3. That from any sale of the lands or appurtenances devised, or any portion thereof, by the defendant during her lifetime, "the defendant shall be entitled only to the value of her life estate in the proceeds of the sale and the balance of said proceeds shall be the property of the plaintiffs as remaindermen in said lands and this declaration shall apply to the proceeds of the sale of the timbers from the lands admitted by the defendant in her answer to have been made to Guy C. Lees, except as to $2500.00 thereof applied by her in payment of the costs of the caveat."

From the declaration and judgment entered, the defendant appeals, assigning error.

*Hooks & Mitchiner and William R. Britt for plaintiffs, appellees.*
*Wellons, Martin & Wellons for defendant, appellant.*

STACY, C. J. The immediate question for decision is whether the defendant must account to the plaintiffs for a portion of the proceeds derived from the sale of the timber on one of the tracts of land. The trial court answered in the affirmative. We are inclined to a different view.

In the first place, Allie Barfield who was most assuredly the special object of the testator's bounty, is devised a life estate in the lands in question with certain conditions attached including the appurtenant "to sell any or all said lands" and use "the proceeds therefrom," *i.e.,* the whole of the proceeds, for her common comfort and necessities of life. This is more than a naked power of sale attached to the life estate such as appeared in the case of *Darden v. Matthews,* 173 N.C. 186, 91 S.E. 835. More nearly in point, we think, is the case of *Burcham v. Burcham,* 219 N.C. 357, 13 S.E. 2d 615. Here, as there, viewing the will in its entirety, it seems that the testator intended the remaindermen to take the "residue" of the lands or that which remained unsold at the death of the life tenant. *Trust Co. v. Heymann,* 220 N.C. 526, 17 S.E. 2d 665; *Smith v. Mears,* 218 N.C. 193, 10 S.E. 2d 659; *Hardee v. Rivers,* 228 N.C. 66, 44 S.E. 2d 476. The language of Item Four is, that if any of the lands should remain unsold at the death of the life tenant, "I give and devise the residue" to my nephews and nieces, naming the plaintiffs herein, and they are to share alike in the division of "such of my lands as may come to them under the terms of this my last will and testament." Clearly the testator intended that the life tenant should use all of the proceeds from any sale or sales for her own common comfort and necessities of life. The remaindermen are to share alike in the division of any

*lands* that may come to them under the will, not in the proceeds of any sales made by or for the benefit of the first taker.

Secondly, the plaintiffs concede that the defendant has the right to sell the timber and convey full title thereto. Indeed, this would seem to follow necessarily from the language of the will. Not only is the first taker empowered to sell any or all of the lands in question, but she is also made the sole judge of the time and amount of such sales; and in case of her disability or inability to act, further provision is made whereby sales may be had for her benefit.

The case is controlled by the directions of the testator as expressed in his will. *Cannon v. Cannon*, 225 N.C. 611, 36 S.E. 2d 17; *Holland v. Smith*, 224 N.C. 255, 29 S.E. 2d 888; *Smith v. Mears, supra; Richardson v. Cheek*, 212 N.C. 510, 193 S.E. 705; *Heyer v. Bulluck*, 210 N.C. 321, 186 S.E. 356; *Hampton v. West*, 212 N.C. 315, 193 S.E. 290.

Declaration and judgment will be entered in accordance with this opinion.

Error and remanded.