*158
 
 Battle, J.
 

 The answer, which we feel bound to give to the first enquiry, renders the consideration of the other questions, presented in the bill, unnecessary. We are of the opinion, that the will of John Phifer did not confer up* on his widow the power to divide his estate among their children by her last will and testament, much less to divide it among them in unequal portions. The will of the testator was made in the year 1818, about twenty seven years before his death, and although the ages of his children are no otherwise stated in the pleadings,‘than that all of them, except one, were of full age, when the bill was filed in the fall of 1846, yet we may fairly infer, that, when the will urns made, all of them, who were then born, were under age and most probably infants of very tender years In that condition of his family, he gives to his wife, after the payment of his debts, the whole residue of his estate, real and personal, so long as she might remain a widow. He gives it to her, however, not absolutely for herself and for her own sole use and support, but also for the support and education of his children. While she should remain his widow, the entire confidence, which he expressed in her prudence and discretion, induced him to confer upon her the exclusive management of the property for those necessary and important purposes. But, should she again intermarry, then her situation would be so essentially changed by the new relations, which she would contract, that he thought it no longer proper to entrust her with the property, which he designed for their children. He therefore directs a division of the whole estate between her and the children, according to the law of the State. So far there is no difficulty in ascertaining his intentions, for they are clearly expressed and seem reasonable and proper. Then comes the third clause, which, at first view, appears somewhat obscure, but the obscurity vanishes, when we consider his intentions respecting his family, previously expressed in the
 
 *159
 
 second clause, and apply them to another state of things, which he foresaw might possibly occur. His widow might not marry again at all, or, at least, might not do so, until after the education of some or perhaps all of their children might be completed, and they have arrived at proper age to marry and settle, or otherwise engage in the active duties of life. Should such be the case, they would need a portion of that property, which had been entrusted to their mother for their benefit. To provide for such exigencies, he gives to her the power to divide the property among them, as she might deem most expedient, and this power she might execute from time to time, as the occasion for its exercise might occur.
 
 (Sug. on. Pow.
 
 278, 1
 
 vol. of the Law. Lib.
 
 341.) He thought, too, that she would know best, what kind of property would be most suitable for each one of the children, as he or she might arrive at ¡awful age, and such kind he leaves it to her discretion to give, keeping in view, however, that equality in the shares of the children, indicated in the second clause of his will. Without the power to make such allotments, the children would either be unprovided for. or would take and hold what their mother might put in their possession, as hers, and not as their own, which was certainly contrary to the intention of the testator. From this exposition of the testator’s intention, as de-t clared in the third clause of his will, it is manifest, that the power given to the widow was to be executed by a deed or other instrument,
 
 inter vivos,
 
 and not by her will. Indeed, in the execution of the power, no reference is made to her death, but to her marriage after the children or some of them should have arrived at lawful age. A power given generally may, it is true, be executed, either by deed or will, unless the particular mode of execution, is prescribed.
 
 Sug. on Pow.
 
 207, 1
 
 vol. Law Lib.
 
 250. But the mode of execution, when the power is given by will, depends on the intention of the testator, and that is to be
 
 *160
 
 ascertained upon a fair construction of the will, like any other intention, when the terms are not express.
 
 Sug. on Pow.
 
 97, 1
 
 vol. Law Lib.
 
 117. Our opinion being, that the power, given in the will of the testator to his widow, has not been executed, the result is, that the effect of his will has been to give all the estate therein effectually devised or bequeated to his widow for her life, with the remainder to all the children, and, as she is now dead, the estate must be equally divided between all the living children, and John Phifer Young, the only heir at law of Mrs. Louisa Young, another child, who died after the making of her father’s will, but before his death. John Phifer Young takes the share, to which his mother, if living, would have been entitled under the Act of 1816, 1 Rev. Stat. ch. 122, sec! 15. The real estate purchased by the testator after the making of his will, whether devised therein or not, by force of the Act of 1844, must be divided in the same manner.
 

 Per Curiam.
 

 Declared accordingly.