W. T. WHITE AND LIZZIE P. WHITE, HIS WIFE, v. DUDLEY A. WHITE AND C. F. WHITE, HER HUSBAND.

(Filed 4 March, 1925.)

**Wills—Estates—Powers of Appointment—Life Estate—Heirs—Fee Simple—Contingent Interests.**

> Where there is a devise of an estate for life with power in the devisees to dispose of the same by will to whomsoever he may choose the devisee under the power when exercised takes from the testator, and where the lands are held by the donee under the power and another in common, a partition thereof of the fee-simple title may not be had between them, and this cannot be remedied by having the heirs at law made parties, as the exercise of the appointment by the life tenant will deprive them of their inheritance thereof.

APPEAL by plaintiffs from *Bond, J.,* at November Term, 1924, of HALIFAX.

The proceeding was brought 7 May, 1923, for the partition of certain lots situated in the town of Scotland Neck, of which the plaintiff W. T. White and the defendant Dudley A. White were tenants in common. On 26 October, 1923, W. T. White died leaving the following will which was probated 8 November, 1923:

"Item 1. I give and devise to my beloved wife, Lizzie P. White, for the term of her natural life, all of my real estate, which I shall own at the time of my death, with full power and authority, by her last will and testament, to dispose of the same in any manner which she may deem right, and to such person or persons as she shall by said will appoint, in fee simple.

"Item 2. I give and bequeath to my said wife all of my personal property of every kind and description, with the full power and

WHITE *v.* WHITE.

authority to use the same for her support, during her life, either wholly or in part and with the further right to dispose of the same, or such part thereof as she shall not have used, by her last will and testament, in any manner which she shall desire or think right.

"Item 3. I name and appoint my said wife, Lizzie P. White, as sole executrix of this my last will and testament."

On 17 December, 1923, Lizzie P. White was made a party plaintiff and an order was entered by the clerk directing a sale of the lots by commissioners. On 19 January, 1924, the lots were sold and Dudley A. White became the last and highest bidder at the price of $6,550. The commissioners filed their report 31 January, and before confirmation thereof Alfred L. White, S. R. White, Eugene White, Robert White appearing by his guardian Bertha B. Swindell, Alice Witherington and Walter M. Witherington, her husband, heirs at law of W. T. White, were made parties plaintiff. The report was confirmed on 31 March, 1924, and the commissioners were directed to execute a deed to Dudley A. White upon payment of the purchase money; but she refused to accept the deed and pay the purchase price on the ground that the commissioners could not convey a good and indefeasible title. From the clerk's order the defendant Dudley A. White appealed, and *Bond, J.,* being of opinion that the commissioners could not convey a good and indefeasible title, adjudged that the purchaser be not required to pay the purchase price, and from this judgment the plaintiffs appealed.

*Stuart Smith for plaintiffs.*
*Allsbrook & Philips for defendants.*

ADAMS, J. The right of action survived (C. S., secs. 162, 163, 461) and after the death of W. T. White (26 October, 1923) his heirs at law and his wife, Lizzie P. White, the beneficiary under his will, were made parties plaintiff. The will was probated 8 November and the order of sale was made 17 December, 1923. As the commissioners could sell and convey only such title as the parties owned it is necessary to determine whether the substituted plaintiffs or any of them had an undivided half-interest in fee; that the defendant Dudley A. White had such interest is admitted.

The devise of an estate generally, with the power of disposing of it, carries the fee; but if an estate is devised for life the devisee takes only a life estate, though a power to appoint the fee by deed or will be annexed, unless there be a manifest intent of the testator which would be defeated by adhering to the particular intent. *Bass v. Bass,* 78 N. C., 374; *Patrick v. Morehead,* 85 N. C., 62; *Long v. Waldraven,* 113 N. C., 337; *Chewning v. Mason,* 158 N. C., 578; *Griffin v. Commander,* 163 N. C., 230; *Darden v. Matthews,* 173 N. C., 186. In *Norfleet v. Haw-*

*kins,* 93 N. C., 393, the Court said: "The donee is the mere instrument by which the estate is passed from the donor to the appointee, and when the appointment is made the appointee at once takes the estate from the donor as if it had been conveyed directly to him."

It will be seen from the application of these principles that under the first item of the will Lizzie P. White acquired only a life estate, with power to dispose of the fee by her last will and testament. The defect of title is not cured by making the testator's heirs at law parties to the action for the reason that they may not be the ultimate donees under the power.

The judgment is

Affirmed.