G. M. CAGLE AND ELLEN CAGLE, HIS WIFE, v. G. L. HAMPTON.

(Filed 9 January, 1929.)

**Wills—Construction—Estates and Interests Created.**

A devise by the wife to her husband of all her property, real, personal and mixed, during his life to do with and use as he might desire, and after his death to M. in fee, "all that is left" : *Held,* the husband received by the devise only a life estate in the lands and M. takes an estate in fee simple in remainder. Cases in which like devises are made with the power given to the devisee to sell during the continuance of the life estate distinguished.

APPEAL by plaintiffs from *MacRae, Special Judge,* at October Term, 1928, of HAYWOOD. Affirmed.

*Rollins & Smathers for plaintiffs.*
*No counsel for defendant.*

ADAMS, J. On 13 October, 1928, the plaintiffs and the defendant entered into a written contract by the terms of which the plaintiffs were to convey to the defendant certain tracts of land in consideration of $2,000 to be paid in four installments of $500, as agreed. Thereafter the plaintiffs prepared and tendered to the defendant a deed in fee with the usual covenants of warranty, and the defendant declined to accept it and to pay the purchase price on the ground that the plaintiffs are not seized of the premises in fee. The right to enforce specific performance of the contract turns upon the question whether the plaintiffs can convey the fee.

It is admitted that Martha Cagle, former wife of the plaintiff, G. M. Cagle, died seized of the lands in fee, leaving a will in which she devised to her husband all her "real, personal and mixed property during his life to do and use as he might desire, and after his death to Milton Cagle in fee, all that is left." It was held by the judge presiding that this devise vests in G. M. Cagle an estate for life and that the plaintiffs cannot convey the fee.

·In *Carroll v. Herring,* 180 N. C., 369, the Court said: "Where real estate is given absolutely to one person, with a gift over to another of such portion as may remain undisposed of by the first taker at his death, the gift over is void, as repugnant to the absolute property first given; and it is also established law that where an estate is given to a person generally or indefinitely with a power of disposition, or to him, his heirs and assigns forever, it carries a fee, and any limitation over or qualifying expression of less import is void for repugnancy. The only exception to such a rule is where the testator gives to the first taker an estate for life only, by certain and express terms, and annexes to it the power of disposition. In that particular and special case the devisee for life will not take an estate in fee, notwithstanding the naked gift of a power of disposition."

An illustration of the principle last cited appears in *Chewning v. Mason,* 158 N. C., 578, the devise being as follows: "I give and bequeath (after all my just debts shall have been paid) all of my real and personal property, together with all debts owing my estate, to my wife, Martha Chewning, during her natural life, and then to dispose of it as she sees proper." In reference to this item it was said: "The estate devised to Mrs. Chewning is property, the power of disposal a mere authority which she could exercise or not, in her discretion. She had a general power annexed to the life estate, which she derived from the testator under the will. If she had exercised the power by selling the land, the title of the purchasers would have been derived, not from her, who merely executed the power, but from the testator or the donor of the power. 'The appointer is merely an instrument; the appointee is in by the original deed. The appointee takes in the same manner as if his name had been inserted in the power, or as if the power and instrument executing the power had been expressed in that giving the power. He does not take from the donee, as his assignee.' " See *Long v. Waldraven,* 113 N. C., 337; *Parks v. Robinson,* 138 N. C., 269; *Darden v. Matthews,* 173 N. C., 186; *Roane v. Robinson,* 189 N. C., 628.

It will be noted that the life tenant was not by express terms given power to sell or otherwise dispose of the land. *Herring v. Williams,* 158 N. C., 1. The devise is similar to that in *Miller v. Scott,* 184 N. C., 556, in which the testator gave real and personal property to his wife,

"to have and to hold and to use as she may see proper the balance of her life," with a provision that should any be left at her death, he would prefer it to go to a charitable institution. It was held that the wife took only a life estate—a conclusion which finds support in *Patrick v. Morehead*, 85 N. C., 62; *Griffin v. Commander*, 163 N. C., 230; *Burwell v. Bank*, 186 N. C., 117; *Darden v. Matthews, supra; White v. White*, 189 N. C., 236. The words "all that is left" were evidently intended to apply to personal property "whose use was its consumption." *Williams v. Parker*, 84 N. C., 90; *Brawley v. Collins*, 88 N. C., 605; *Herring v. Williams, supra*. Judgment

Affirmed.