J. R. HOSKINS, A. C. DAVIS AND WIFE, MATTIE B. DAVIS, v.
BEN V. MAY.

(Filed 15 June, 1938.)

**Wills § 33f—Will and codicil held to convey land to devisee generally
with power of disposition, carrying the fee simple.**

Testatrix devised the land in question to her two sons for the term of
their natural lives, remainder to their children and their heirs should
any survive them, with further provision that if either son should die
without bodily heirs the land should go to the survivor, and if both
should die without bodily heirs, the land should go to testatrix' daugh-
ters. By codicil, testatrix stated she had decided that each of her chil-
dren should take what she had given them in the item and do with it as
they wished. *Held:* The codicil revoked the item of the will except for
the purpose of designating the devisees and the land devised, and substi-
tuted in place of the contingencies therein set up the provision that the
devisees "take . . . and do with it as they wish," which includes the
right of disposition, and the devise to the sons being general, the power
of disposition carries the fee to them.

APPEAL by defendant from *Bone, J.,* at April Term, 1938, of
ALAMANCE. Affirmed.

*A. C. Davis for plaintiffs, appellees.*
*Long, Long & Barrett for defendant, appellant.*

SCHENCK, J. This is an action for specific performance of a contract
to purchase lands heard upon an agreed statement of facts. The de-
fendant contracted to purchase certain lands in Alamance County from
the plaintiffs. The plaintiffs have tendered deed sufficient in form to
convey a fee simple title to said lands to the defendant and demanded
of him the agreed purchase price. The defendant has declined to accept
the deed and pay the purchase price, alleging that the plaintiffs did not
own the lands in fee simple and therefore could not convey a fee simple
title thereto.

It is agreed "that the plaintiffs, A. C. Davis and wife, Mattie B.
Davis, have acquired the interest in the said lands by conveyance from
J. R. and Benjamin Hoskins and quitclaim deeds have been executed
between the plaintiffs and the said Benjamin Hoskins, whereby the said
lands are divided, and the interest of Benjamin Hoskins in the lands
sold the defendant has been acquired by the plaintiffs."

Joseph R. Hoskins and Benjamin Hoskins derived such interest as
they have or had in the lands contracted to be sold and purchased by
virtue of the will of their late mother, Mary L. Hoskins. It is further

agreed "that the sole question arising upon the pleadings in this cause and upon the agreed statement of facts is whether the plaintiff J. R. Hoskins, and his brother, Benjamin Hoskins, were given a fee simple title in and to the lands in question under Item One of the will of Mary L. Hoskins and the codicil thereto, or only a life estate therein."

The portions of the will of Mary L. Hoskins and codicil thereto germane to this case are as follows:

"I, Mary L. Hoskins of Summerfield Guilford County state of North Carolina being of sound mind and memory do declare this to be my last will and testament.

"I. I give and devise to my sons Joseph R and Benjamin Hoskins my farm known as the Boon place in Alamance Co., N. C. containing about 163 acres share and share alike for the term of their natural lives remainder to their children and their heirs should any survive them. If one of them should die without bodily heirs then it is my will that the whole of said tract of land go to the surviving brother should both die without bodily heirs I will said tract of land to go to my daughters Nell and Kathryne share and share alike. . . .

"In witness whereof I the said Mary L. Hoskins do hereunto set my hand and seal this the 4th day of March 1910.

MARY L. HOSKINS    (Seal)

"Since writing the above I have decided that it is now my will for each one of my children to take what I have given them mentioned in the above writing and do with it as they wish. . . .

"January 20th 1914                MARY L. HOSKINS."

The trial court adjudged that Joseph R. Hoskins and Benjamin Hoskins took under the will and codicil a fee simple title to the lands involved and, since it appears that the plaintiffs have acquired the interest of Benjamin Hoskins in said property, the court further adjudged "that the said plaintiffs are seized and possessed of fee title in and to the said real property and can convey such a title to the defendant, and that upon their executing and delivering a good and sufficient deed which shall convey to the defendant the entire fee title in and to the said real property, with full covenants of warranty, then they shall have and recover of the defendant the full purchase price of the said land in the sum of $2,982, and upon the payment of the said purchase price, plaintiffs will deliver said deed."

From the judgment the defendant appealed, assigning said judgment as error.

The assignment of error cannot be sustained.

Under the provisions of the first item of the will Joseph R. and Benjamin Hoskins were devised a life estate in the "farm known as the Boon place in Alamance Co." However, the manifest effect of the

codicil, which is inconsistent with a life estate, is to revoke the provisions of the first item of the will to all intents and purposes except for the purpose of identifying the devisees and the lands to which the codicil refers—the life estate and the contingencies created by the first item are revoked and substituted therefor is the provision that the devisees are "to take what I have given them mentioned in the above writing and do with it as they wish." The provision "to take . . . and do with it as they wish" includes the right of disposition, and the right of disposition carries a fee simple. As was said by *Adams, J.,* in *Roane v. Robinson,* 189 N. C., 628, at p. 631, ". . . with a single exception, to which we shall advert, in the words of *Chancellor Kent,* 'We may lay it down as an incontrovertible rule that where an estate is given to a person generally, or indefinitely, with a power of disposition, it carries a fee.' *Jackson v. Robbins,* 16 John. Rep., 537; Kent's Com., 35, 586; *Batchelor v. Macon,* 69 N. C., 545; *Williams v. Parker,* 84 N. C., 90; *Fellowes v. Durfey,* 163 N. C., 305; *Smith v. Creech,* 186 N. C., 187; *O'Quinn v. Crane, ante,* 97. As pointed out in *Carroll v. Herring, supra* (180 N. C., 369), the exception to the 'incontrovertible rule,' which has been referred to, arises where the testator gives to the first taker an estate for life only by certain and express terms and annexes to it the power of disposition. In such case the devisee for life does not take an estate in fee."

The will and codicil in the instant case do not fall within the single exception to the "incontrovertible rule," since the effect of the codicil is to revoke the life estate and contingencies created in the first item of the will and to substitute therefor another provision, rather than to retain the life estate and contingencies first created and annex thereto an additional provision.

The judgment of the Superior Court is
Affirmed.