COUNTY OF BUNCOMBE AND ROBERT C. COLLINS ET AL., CONSTITUTING THE BOARD OF COMMISSIONERS OF BUNCOMBE COUNTY, v. J. HUNTER WOOD.

(Filed 27 September, 1939.)

**Wills § 33f—Will held to devise lands to widow with full power of disposition.**

By the second item of his will testator devised to his wife all his property in fee with the exception of land devised to him by his father, and as to this land he devised her a life estate with remainder over to the children of his brothers and sisters; by the third item of the will he gave his wife full power to dispose of any part of his estate. *Held:* As to the property devised in fee, testator's wife already had full power of disposition and therefore to give any significance to the third item of the will the power of disposition must relate to the lands devised to testator by

his father, and therefore the widow's deed to such land defeated the limitation over and vested all interest which testator had in the land at the time of his death in her grantee, who is not bound to see to the application of the purchase money.

APPEAL by defendant from *Pless, J.,* at June Term, 1939, of BUNCOMBE. Affirmed.

*Brandon P. Hodges for plaintiffs, appellees.*
*Williams & Cocke for defendant, appellant.*

SCHENCK, J. This is an action for the specific performance of a contract to purchase a tract of land, heard by consent without a jury upon agreed facts.

The facts agreed upon are as follows: (1) That the plaintiffs contracted to sell and convey to the defendant a good and indefeasible fee title to the land hereinafter described, and the defendant contracted to purchase and pay for such title the sum of $4,725; (2) that the land involved in said contract of sale and purchase was "all that certain piece of land known as the Old Scale Factory, situated in the city of Asheville, at the southwest corner of Choctaw and McDowell Streets and being more particularly described in a certain deed from the heirs of William Jones to S. G. Bernard, which deed is recorded in the office of the register of deeds for Buncombe County, North Carolina, in Deed Book 467, at page 469, to which reference is made for a more particular description"; (3) that the plaintiffs have tendered to the defendant a deed, with full covenants of warranty, sufficient in form to convey a fee simple title to the lands involved, and defendant has declined to accept said deed and to pay the contract price, contending that the plaintiffs do not have a valid title to a one-fourth undivided interest in said land; (4) that the land involved was owned by the late William M. Jones at the time of his death on 6 December, 1926, and was devised by his will to his four children, including Lawrence H. Jones, share and share alike; (5) that Lawrence H. Jones died on 11 April, 1927, without issue but survived by his wife, Edith C. Jones, leaving a last will and testament, the pertinent portions of which read: "Second: I devise and bequeath unto my devoted wife, Edith C. Jones, all the property and estate of which I may die seized and possessed, or to which I may be entitled, of whatever nature, and wheresoever situated, absolutely and in fee, save and except the property devised to me by my father, William M. Jones, and as to the property so devised to me, I give and devise unto my said wife a life estate therein, with remainder to the children of my brothers and sisters to be divided between such children as representatives of my brothers and sisters, and not per capita. Third: It is my will,

8—216

and I so direct, that my said wife shall have full power and authority to sell and dispose of any part of the property of my estate at any time, upon such terms and conditions as she shall deem fair, shall have power to borrow money, execute mortgages or deeds of trust for the security thereof, and shall have full power and authority to carry on and conduct any business in which I may be engaged at the time of my death for such length of time as she may see fit, with all the powers, rights and privileges incident to the continuance of such business"; (6) that on 26 March, 1934, the three living children of the late William M. Jones, and the widow of his deceased child, Lawrence H. Jones, namely, Edith C. Jones, by deed duly executed and recorded conveyed to S. G. Bernard in fee simple all right, title, interest and estate which they owned and held in the land involved; (7) that thereafter, on 11 July, 1934, S. G. Bernard and his wife executed and delivered a deed to the Board of Financial Control of Buncombe County, which deed is duly recorded, and purports to convey a title in fee to the land involved; (8) that thereafter, through deeds of conveyance and statute the county of Buncombe became the owner in fee simple of all the right, title and interest of the Board of Financial Control of Buncombe County in the land involved; (9) that on 24 June, 1937, Edith C. Jones executed and delivered to the county of Buncombe a quitclaim deed to the land involved, which deed is duly recorded.

His Honor held that the deed tendered by the plaintiffs to the defendant conveyed a good, indefeasible, fee simple title to the land involved and adjudged that the defendant accept the deed and pay the purchase price agreed upon. To this judgment the defendant excepted and appealed to the Supreme Court.

The question presented for answer is: Does the provision in the third item of the will of Lawrence H. Jones that his "wife shall have full power and authority to sell and dispose of any part of the property of my estate at any time, upon such terms and conditions as she shall deem fair," give to his wife, Edith C. Jones, the right and power to convey a valid fee simple title to the land described in the second item of his will as "the property devised to me by my father, William M. Jones," in which property he devised to his wife a life estate, "with remainder to the children of my brothers and sisters"? The answer is in the affirmative.

By the second item of the will of Lawrence H. Jones, his wife, Edith C. Jones, was devised a fee simple title to all of his property and estate, "save and except the property devised to me by my father, William M. Jones," and as to all of his property outside of that excepted his wife had full power and authority to sell and dispose of by virtue of said second item, and, therefore, to give any significance to the direction of

the testator in the third item of the will "that my wife shall have full power and authority to sell and dispose of any part of the property of my estate at any time, upon such terms and conditions as she shall deem fair" it must be construed as giving authority to sell and dispose of that portion of his estate excepted from the absolute devise in fee in the second item of the will, namely, the land devised to him by his father.

A gift to A. for life, remainder to B. in fee, with a power to A. to sell all or so much of the property as in her judgment may be necessary vests in A. an estate for life, with power of sale *appurtenant* to her life estate, and the exercise of the power will vest in the purchaser an estate in fee, and he will not be bound to see to the application of the purchase money. *Troy v. Troy,* 60 N. C., 624.

"The case of *Troy v. Troy* was cited with approval in *Parks v. Robinson,* 138 N. C., 269, and *Herring v. Williams,* 158 N. C., 1. In the latter case, this Court, by *Justice Brown,* said that where 'there is a devise for life, with language which expressly gives the devisee a general power to dispose of both real and personal property, or where the devise is not limited to a life estate, but the property is devised absolutely, with a provision that what remains at the death of the devisees shall go to certain designated persons,' the exercise of the power, express or implied, will defeat the remainder and vest the fee in the appointee under the power of purchaser, citing *Troy v. Troy, supra.* The cases of *Wright v. Westbrook,* 121 N. C., 155; *Stroud v. Morrow,* 52 N. C., 463; *Little v. Bennett,* 58 N. C., 156; *Gifford v. Choate,* 100 Mass., 343; and *Barford v. Street,* 16 Vesey, 134, are strong authorities for the position that the exercise by Mrs. Brown of the power conferred upon her by the will defeats the limitation over to the children and passes the fee to the purchaser." *Mabry v. Brown,* 162 N. C., 217 (221).

The second item of the will of Lawrence H. Jones devised to his wife, Edith C. Jones, a life estate with certain limitations over in the land which was devised to the testator by his father, and the third item of said will conferred upon her full power and authority to sell and dispose of said land, and when she exercised the power and sold the land she conveyed to her grantee a valid fee simple title thereto. *Darden v. Matthews,* 173 N. C., 186.

The judgment of the Superior Court is
Affirmed.