MARY WEBSTER SMITH, BY P. C. SMITH, HER GENERAL GUARDIAN, V. GEORGE A. MEARS ET AL.

(Filed 25 September, 1940.)

1. **Wills § 31—**

   The guiding star in the interpretation of wills, to which all rules must bend, unless contrary to some principle of law or public policy, is the intent of the testator, and this is to be ascertained from the language used by him, "taking it from its four corners," and considering the instrument as a whole.

2. **Same—**

   A codicil is a supplement to a will, annexed for the purpose of expressing the testator's afterthought or amended intention, and the will and any codicil or codicils are to be considered as constituting a single instrument and read together in ascertaining the intent of the testator.

   7—218

**3. Wills § 33f—**

A devise to a person generally or indefinitely, with power of disposition or appointment, carries the fee; but when such power is annexed to a life estate, the express limitation for life will control the operation of the power and prevent it from enlarging the estate into a fee.

**4. Same—**

Testator devised certain property to his daughter and certain property to named sons, for life, and by codicil stipulated that each should have power to dispose of the interest devised to him. *Held:* The power of disposition, being annexed to the life estates, did not enlarge the life estates into estates in fee simple.

**5. Wills § 31—**

Since each will must be construed to ascertain the intent of the testator as expressed in the particular language used by him, interpreted according to the circumstances of its use, with no two situated exactly alike, the law of will is *sui generis,* yet the adjudicated cases will be assiduously pursued for any gleam of light that may help with the problem in hand.

**6. Wills § 33f—**

Whether a devise of a life estate with power of disposition empowers the devisee to dispose of the property by will depends upon testamentary intent as gathered from the instrument.

**7. Same—Power of disposition held not to authorize devisee to dispose of the property by will.**

Testator devised certain property to his sons for life, and by codicil provided that they should have "full power to sell or dispose of any or all of the property in this will devised to them in fee and receive the proceeds thereof as to them seems best or proper." *Held:* The clause "and receive the proceeds thereof as to them seems best or proper" indicates that testator contemplated a sale or disposition by act *inter vivos,* and not by will, and the attempted disposition by will on the part of two of the sons in favor of others of them is without effect.

**8. Same—Exercise of power of disposition by deed held to convey fee simple to grantee.**

Testator devised certain of his property to his daughter for life, and by codicil provided that she should have "full power to sell or dispose of her interest in all the property devised to her under this will in fee." The devisee conveyed said property by deed to one of her daughters, and also devised said property to the same daughter by will. The devisee's only children were two daughters, one being the grantee, and the other having predeceased the devisee leaving but one child her surviving. *Held:* Whether the devisee had power to dispose of the property by will is immaterial in view of the unchallenged finding of the trial court that the deed executed by her conveyed a good and indefeasible title, but the holding of the court that the grantee took the property impressed with a trust in favor of the daughter of her deceased sister is at variance with the power of disposition granted in the codicil and is error.

APPEAL by defendants, Martha Webster McLeod and R. L. Mears, from *Warlick, J.,* at January Term, 1940, of BUNCOMBE.

Proceeding to determine rights of legatees or beneficiaries under a will.

On the hearing, it was agreed by all the parties that a jury trial should be waived, and that the whole matter should be submitted to the court for final determination, both as to the law and the facts.

In summary, the findings and conclusions essential to the questions presented by the appeal follow:

1. That G. Augustus Mears, late of Buncombe County, died testate on 21 January, 1913, leaving him surviving an only daughter, Mrs. Ella Mears Webster, and five sons, Frank A. Mears, S. Parley Mears, Clarence L. Mears, Jay J. Mears and Robert L. Mears.

(a) In the second paragraph of the will of G. Augustus Mears, published on 21 February, 1912, the testator's "Home Place" is devised to his daughter, Ella Mears Webster, "during her natural life, and at her death to the children of her body absolutely in fee forever."

(b) In the fourth paragraph, the testator's "Daylight Store," situate on Main Street in the city of Asheville, is devised to four of his sons, S. Parley, Clarence L., Clyde E., and Jay J. Mears, "for and during their natural life."

(c) In the fifth paragraph the testator's "Slayden and Fakes Wholesale Building," situate on Lexington Avenue, is devised one-half interest to his son, Robert L. Mears, "for and during his natural life," and the remaining undivided one-half interest is devised to his sons, S. Parley, Jay J., Clarence L., and Clyde E. Mears, "during their natural life."

(d) In the eighth paragraph, an undivided one-fourth interest in the testator's "Haywood Street Store" is devised to his son, Robert L. Mears, "to be his absolutely forever," provided he "shall marry a respectable and worthwhile woman."

(e) In the ninth paragraph, the remaining three-fourths interest in the testator's "Haywood Street Store" is devised to his sons, S. Parley, Clarence L., Jay J. and Clyde E. Mears, "for and during their natural life, to share and share alike."

(f) In the eleventh paragraph, it is provided "That upon the death of my sons to whom I have given and devised for life the property (Daylight Store . . . the Slayden and Fakes Wholesale House . . . and the three-fourths interest in the property situate on Haywood St.) . . . shall die without issue, then in that event I give and devise to my grandchildren, that is, the children of all my sons and daughter, the remainder of said estate in fee as *per stirpes* and not *per capita*."

(g) In a codicil published 2 June, 1912, the testator ratified and confirmed his will except as changed thereby, and among other changes, provided:

(h) "I further modify my last will and testament in this respect. That is, each of my said sons may or shall have full power to sell or dispose of any or all of the property in this will devised to them in fee and receive the proceeds thereof as to them seems best or proper. My daughter, Mrs. Webster, shall have full power to sell or dispose of her interest in all the property devised to her under this will in fee."

(i) "I change my will so that Robert L. Mears shall have one-half interest in the store at the River in place of a fourth as is set out in the eighth paragraph herein, and the remainder to the other parties."

2. That Clyde E. Mears, son of the testator, died in the interim between the execution of the original will and the codicil thereto, leaving him surviving a daughter, Eugenia Mears Belcher, who is substituted in his stead by the codicil.

3. That Ella Mears Webster had two daughters, Martha Webster McLeod and Mary Webster Smith. The latter died in 1936, leaving her surviving an infant daughter and namesake, Mary Webster Smith, who is the plaintiff herein.

4. That on 14 October, 1936, Ella Mears Webster executed a deed for the "Home Place" mentioned in item two of her father's will, to her daughter, Martha Webster McLeod. The deed recites a consideration of $10.00 and other good and valuable considerations. Also in her will, the Home Place is devised to her daughter Martha. She died 18 January, 1937.

5. That the value of the Home Place on 14 October, 1936, was $10,000.

6. That Robert L. Mears has met the condition named in the eighth paragraph of his father's will and his title to the property devised therein has become absolute.

7. That Clarence L. Mears died 19 March, 1914, without issue, he never having married, and by his will devised all of his real estate to his two brothers, Robert L. and Jay J. Mears.

8. That Jay J. Mears died 1 April, 1928, without issue, he never having married, and Robert L. Mears claims an additional interest in his father's estate by virtue of the will of his brother, Jay J. Mears.

Upon the foregoing, and other findings (not here set out because unnecessary to questions presented by the appeal), his Honor concluded, among other things, (1) that Martha Webster McLeod took a good and indefeasible title to the Home Place, under the deed from her mother, impressed, however, with a trust in favor of the plaintiff for one-half its value, and (2) that Robert L. Mears acquired no additional interest in his father's estate under and by virtue of the wills of his brothers, Clarence L. Mears and Jay J. Mears.

From these rulings, the defendants, Martha Webster McLeod and Robert L. Mears, appeal, assigning errors.

*Jordan & Horner for plaintiff, appellee.*

*Sanford W. Brown and J. W. Haynes for Martha Webster McLeod, defendant, appellant.*

*R. M. Wells, George M. Pritchard, and M. A. James for defendant R. L. Mears, appellant.*

*Harkins, Van Winkle & Walton for defendants George A. Mears and Elizabeth Mears Moore, appellees.*

*Johnson & Uzzell for defendant Eugenia Mears Belcher, appellee.*

STACY, C. J. Does the annexation, by codicil, of the power of sale or disposition, to the life estates given in the original will, convert them into fee simple estates? The trial court answered in the negative, and under the authorities to be cited, we agree.

*In limine,* it may be well to recall that the guiding star in the interpretation of wills, to which all rules must bend, unless contrary to some principle of law or public policy, is the intent of the testator, and this is to be ascertained from the language used by him, "taking it by its four corners," and considering for the purpose the will and any codicil or codicils as constituting one instrument. *Richardson v. Cheek,* 212 N. C., 510, 193 S. E., 705; *Heyer v. Bulluck,* 210 N. C., 321, 186 S. E., 356; *Jolley v. Humphries,* 204 N. C., 672, 167 S. E., 417; *Ellington v. Trust Co.,* 196 N. C., 755, 147 S. E., 286; *Satterwaite v. Wilkinson,* 173 N. C., 38, 91 S. E., 599.

A codicil is a supplement to a will, annexed for the purpose of expressing the testator's after-thought or amended intention. *Green v. Lane,* 45 N. C., 113. It is to be construed with the will itself, and the two are to be considered as constituting a single instrument. *Darden v. Matthews,* 173 N. C., 186, 91 S. E., 835.

So looking at the will before us, we find that in the codicil the testator first ratifies and confirms his "last will and testament, dated Feb. 21st, 1912," except as "changed hereby," and then he proceeds to "modify" it in certain respects. It results, therefore, that the devises in question to the sons are to them "during their natural life," with "full power to sell or dispose of any or all of the property in this will devised to them" in fee, and the devise to the daughter is to her "during her natural life," with "full power to sell or dispose of her interest in all the property devised to her under this will" in fee.

It has been said in a number of cases that a devise to a person generally or indefinitely, with a power of disposition or appointment, carries the fee. *Roane v. Robinson,* 189 N. C., 628, 127 S. E., 626; *Hoskins*

*v. May,* 213 N. C., 795, 197 S. E., 689; *Fletcher v. Bray,* 201 N. C., 763, 161 S. E., 383; *Bass v. Bass,* 78 N. C., 374. The rule is otherwise, however, when such power is annexed to a life estate. *Patrick v. Morehead,* 85 N. C., 65. In that case the express limitation for life will control the operation of the power and prevent it from enlarging the estate into a fee. *Darden v. Matthews, supra.*

In *Chewning v. Mason,* 158 N. C., 578, 74 S. E., 357, the pertinent authorities are reviewed in a careful opinion by *Walker, J.,* and the following conclusion reached: "We may, therefore, take the rule to be settled that where lands are devised to one generally, and to be at his disposal, this is a fee in the devisee; but where they are devised to one expressly for life, and afterwards to be at his disposal, only an estate for life passes to the devisee, with a bare power to dispose of the fee." The conclusion is supported by numerous decisions and by the great weight of authority throughout the country. *Helms v. Collins,* 200 N. C., 89, 150 S. E., 676; *Cagle v. Hampton,* 196 N. C., 470, 146 S. E., 88; *White v. White,* 189 N. C., 236, 126 S. E., 612; *Darden v. Matthews, supra; Tillett v. Nixon,* 180 N. C., 195, 104 S. E., 352; *Fellowes v. Durfey,* 163 N. C., 305, 79 S. E., 621; *Griffin v. Commander,* 163 N. C., 230, 79 S. E., 499; *Herring v. Williams,* 153 N. C., 231, 69 S. E., 140; *Parks v. Robinson,* 138 N. C., 269, 50 S. E., 649; *Long v. Waldraven,* 113 N. C., 337, 18 S. E., 251; *Troy v. Troy,* 60 N. C., 624; Annotation, 36 A. L. R., 1177.

Applying these principles to the provisions of the will before us, it follows that Ella Mears Webster took a life estate in the Home Place with power to sell or dispose of it in fee, and similarly that Clarence L. Mears and Jay J. Mears took life estates in the properties devised to them in items four, five and nine of the will, with power to sell or dispose of any or all of them in fee. The cases of *Hoskins v. May, supra,* and *Fletcher v. Bray, supra,* are distinguishable by reason of the different intents and purposes sought to be accomplished by the testators, and so expressed in their wills. It is this quest for the variant minds of testators, with no two situated exactly alike, and the necessity of interpreting language according to the circumstances of its use, that often results in close distinctions and renders the law of wills *sui generis. Richardson v. Cheek, supra; McIver v. McKinney,* 184 N. C., 393, 114 S. E., 399. Yet after saying this, we assiduously pursue the adjudicated cases for any gleam of light that may help us with the problem in hand. Worthy ideas expressed elsewhere and on other occasions, like nuggets of truth when or wherever found, know no barriers of time or place. It is only the foggy horizon that shuts them out. *Goode v. Hearne,* 180 N. C., 475, 105 S. E., 5.

The question then occurs whether this power of sale or disposition may be exercised by will. The answer is one of testamentary intent.

Speaking directly to the question in *Phifer v. Phifer,* 41 N. C., 155, it was said: "A power given generally may, it is true, be executed either by deed or will, unless the particular mode of execution is prescribed. Sug. on Pow., 207; 1 Law Lib., 250. But the mode of execution, when the power is given by will, depends on the intention of the testator, and that is to be ascertained upon a fair construction of the will, like any other intention, when the terms are not express. Sug. on Pow., 97; 1 Law Lib., 117."

It will be noted that the testator ratified and confirmed his will in the codicil, except as changed thereby, and to the power of sale or disposition he added the expression, "and receive the proceeds thereof as to them seems best or proper." This added clause would seem to contemplate a sale or disposition by act *inter vivos,* and not by will. *Cochran v. Groover,* 156 Ga., 323, 118 S. E., 865; *Moody v. Gallagher,* 36 R. I., 405, 90 Atl., 663, L. R. A., 1916 C, 1040, and annotation. The trial court so concluded, and we agree. It follows, therefore, that Robert L. Mears acquired no additional interest in his father's estate under and by virtue of the wills of his brothers, Clarence L. Mears and Jay J. Mears.

It is suggested that the provision, "and receive the proceeds thereof," is not annexed to the power granted to Mrs. Webster, and that as to her the power is general. *Herring v. Williams, supra.* The point is apparently not material on the present record as the court held that the deed executed by her on 14 October, 1936, conveyed a good and indefeasible title to her daughter, and this ruling is not challenged by the appeal.

The further holding that the grantee takes the property impressed with a trust in favor of the plaintiff for one-half its value, appears to be at variance with the power of sale or disposition granted in the codicil, *Herring v. Williams, supra,* as well as beyond the pleadings, and to this extent the judgment will be modified. *Buncombe County v. Wood,* 216 N. C., 224, 4 S. E. (2d), 505; *Darden v. Matthews, supra; Troy v. Troy, supra.*

It is stated in appellant's brief that Martha Webster McLeod, under the will of her brother, Jay J. Mears, acquired a one-fourth interest in all the property which he received from his father, and that this is erroneously stated in the judgment to be a one-sixteenth interest. The inadvertence is apparently conceded as the matter is not mentioned in the other briefs.

The cause will be remanded for modification of the judgment in accordance with this opinion.

Modified and affirmed.