WACHOVIA BANK AND TRUST COMPANY, N.A., TRUSTEE OF THE
LOGAN T. ROBERTSON FUND, A TRUST CREATED UNDER THE WILL OF HOPE
T. ROBERTSON, DECEASED, PETITIONER v. LOGAN T. ROBERTSON;
AMERETTE ROBERTSON, A MINOR; LAURA LEE SAFFORD;
RUFUS LASHER SAFFORD; RUFUS BRADFORD SAFFORD, A
MINOR; GEORGE SCOTT SAFFORD, A MINOR; LILLIAN ROBERT-
SON SHINNICK; JOSEPH N. SHINNICK; ROBERTSON WIL-
LIAM SHINNICK, A MINOR; LAURA ELIZABETH SHINNICK, A
MINOR; LOGAN T. ROBERTSON, JR.; MARY NORBURN ROBERT-
SON; SCOTT A. ROBERTSON, A MINOR; ASHLEY NICHOLETTE
ROBERTSON, A MINOR; HOPE T. NORBURN; RICHARD A.
FARMER; LAURA LEE FARMER, A MINOR; CYNTHIA ANN
FARMER, A MINOR; RICHARD R. FARMER, A MINOR; CHARLES
R. NORBURN; RUSSELL L. NORBURN, JR.; HELEN H. NOR-
BURN; ROBERT E. NORBURN, A MINOR; CHRISTOPHER S.
NORBURN, A MINOR; REUBEN B. ROBERTSON, III; DANIEL
H. ROBERTSON; PETER T. ROBERTSON; MARGARET ROBERT-
SON WHITE, A MINOR; LAURENS T. WHITE, A MINOR; LOUISE H.
ROBERTSON, A MINOR; GEORGE W. ROBERTSON, A MINOR, RE-
SPONDENTS

No. 7228SC633

(Filed 22 November 1972)

Wills § 43.5— class gift — determination of class members

Provision of a testamentary trust directing the trustee to divide
the trust assets "into separate shares of equal value so that there
shall be one such share for each child of (testatrix' son) then living
and one such share for the living issue collectively of each child of
(testatrix' son) then deceased" and directing the trustee in the ad-
ministration of the shares of the trust *is held* a class gift to the
children of the testatrix' son, which class was determined and closed
at the death of testatrix; consequently, a child born to testatrix' son
after the death of the testatrix was not entitled to share in the trust.

APPEAL by respondents Scott A. Robertson and Ashley
Nicholette Robertson, minors, by and through their guardian ad
litem, Philip G. Carson; and Rufus Bradford Safford, George
Scott Safford, Robertson William Shinnick, and Laura Elizabeth
Shinnick, minors, by and through their guardian ad litem, Wil-
liam Samuel Woodard, from *Harry C. Martin, Judge,* 1 March
1971 Session of Superior Court, BUNCOMBE County.

This is a declaratory judgment action brought to have the
court determine whether and to what extent a child born to
testatrix's son after the death of testatrix is entitled to share in
the Logan T. Robertson trust created by the will. The matter
was heard upon the petition and answer, stipulations of the
parties, interrogatories and answers to interrogatories. The

court made findings of fact and concluded that a child born to Logan T. Robertson after the death of testatrix was entitled to share in the trust. From the judgment entered the guardians ad litem for minor great grandchildren of testatrix appealed. Each of the minors has an interest in the trust in the event of the death of his or her parent prior to the termination of the trust. Facts necessary for decision are set out in the opinion.

*Herbert L. Hyde for petitioner appellee.*

*William Samuel Woodard, attorney and guardian ad litem for Rufus Bradford Safford, George Scott Safford, Robertson William Shinnick, and Laura Elizabeth Shinnick, minors; and Grier, Parker, Poe, Thompson, Bernstein, Gage and Preston, by James Y. Preston, for respondent appellants.*

*Hendon and Carson, by Philip G. Carson, for respondent appellants, Scott A. Robertson and Ashley Nicholette Robertson, minors, by their guardian ad litem, Philip G. Carson.*

*Shuford, Frue and Sluder, by Gary A. Sluder, for appellee respondent, Amerette Robertson and any and all other children that may be born to Logan T. Robertson, by their guardian ad litem, Gary A. Sluder.*

MORRIS, Judge.

Hope T. Robertson died on 19 September 1958, leaving a last will and testament which was duly admitted to probate by the Clerk of the Superior Court of Buncombe County. The estate was fully administered and closed by order of the Clerk of Superior Court on 30 August 1962. By her will, testatrix created two trusts. One was denominated "The Hope T. Norburn Fund" and the other, "The Logan T. Robertson Fund." Petitioner was appointed trustee of "The Logan T. Robertson Fund" and qualified as trustee on 31 July 1962. Since that date, petitioner has continued to act as trustee of this fund. The trustee is presently holding cash and other property, the combined value of which is in excess of $1,300,000.

In Item IV of her will, testatrix stated that she and others had, at various times, made gifts of the common stock of Champion Paper and Fibre Company to her grandchildren (children of Hope T. Norburn, children of Logan T. Robertson, and children of Reuben B. Robertson, Jr.). The number of shares of such stock owned by each grandchild was listed for the stated

purpose of taking this stock ownership into account in achieving equality among the children, collectively, of her three children, and her executor was instructed to rely on that list of holdings in making distribution to the funds set up for her children. The distribution for Reuben T. Robinson, Jr., was to be given to the Fifth Third Union Trust Company, Cincinnati, Ohio, as trustee under a trust she had already established.

By section 1 of Item IV, testatrix established The Hope T. Norburn Fund and provided that one-half the income therefrom should be paid to Hope T. Norburn. The balance of the net income is to be paid to the same persons as that half of the net income of the Logan Robertson Fund not paid to Hope T. Norburn. The trustee was also directed to invade the corpus if the income provided for her under this Fund, The Logan Robertson Fund, and her income from other sources should be insufficient to provide liberally for her comfort, maintenance, travel and the education of her children, or enable her to meet any emergency which might arise affecting her or any member of her family. Additionally, with the written approval of Hope Norburn, the trustee may make available to any of her children amounts of principal for the purpose of purchasing a home, investing in a business, etc., as an advancement against the child's eventual share. The testatrix then specifically provided that the fund should be divided into separate shares for the benefit of the children of Hope T. Norburn at the death of Hope T. Norburn: "Upon the death of my daughter, Hope T. Norburn, if she survives me, or upon my death if she does not, in accordance with my desires with respect to the equalization of the shares my grandchildren will eventually receive as hereinabove expressed, I direct that my Trustee divide the Hope T. Norburn Fund into separate shares of equal value so that there shall be one such share for each such child of Hope T. Norburn then living and one such share for the living issue collectively of each child of Hope T. Norburn then deceased, and that thereupon the Trustee shall charge each such child's or collective issue's share with the amount of any gift or gifts of the common stock of The Champion Paper and Fibre Company made to such child or to the parent of such collective issue, so that each such child and the living issue collectively of any such deceased child, when the appraised value of his, her, or their separate shares of the trust estate, if any, is added to the appraised value of his or her gift or the gift of such collective issue's parent, if any, shall share approximately equally."

With respect to The Logan T. Robertson Fund (established by section 2 of Item IV), however, testatrix made entirely different provisions. As to that fund, she provided:

"In accordance with my desires with respect to the equalizing of the shares my grandchildren will eventually receive, as hereinabove expressed, I direct that my Trustee divide the Logan T. Robertson Fund into separate shares of equal value so that there shall be one such share for each child of Logan T. Robertson then living and one such share for the living issue collectively of each child of Logan T. Robertson then deceased, and that thereupon the Trustee shall charge each such child's or collective issue's share with the amount of any gift or gifts of the common stock of The Champion Paper and Fibre Company made to such child or to the parent of such collective issue, so that each such child and the living issue collectively of any such deceased child, when the appraised value of his, her or their separate shares in the trust estate, if any, is added to the appraised value of his or her gift, or the gift of such collective issue's parent, if any, shall share approximately equally."

Testatrix further provided that if her son Logan T. Robertson were living at her death, the various funds established by this item of her will should be administered in accordance with the following directions: Since her son Logan T. Robertson has income from other sources sufficient to meet his commitments and maintain his standard of living, the income of the funds should be used by the trustee to provide adequately for the maintenance, education, travel, and emergency requirements of each beneficiary, the trustee to consult testatrix's daughter-in-law, Elizabeth R. Robertson (then wife of Logan T.), and give due weight to her suggestions. However, should Logan's income drop to a point which would not enable him to maintain his then standard of living, the provisions in favor of his children should be considered subordinate and postponed to his requirements, the trustee being authorized to invade corpus for this purpose. At the death of Logan, the funds are to be administered by the trustee for the benefit of each fund's beneficiary or beneficiaries to final termination. Testatrix further provided that, "anything to the contrary contained in this Section 2 of this Item IV notwithstanding, if my daughter Hope T. Norburn survives me, the Trustee shall pay to her in convenient periodical installments

throughout each year, one-half of the net income of all the funds comprising the Logan T. Robertson fund, as originally set apart so long as she may live."

Hope T. Norburn, Reuben Robertson, Jr., and Logan T. Robertson all survived testatrix. At the time of the death of testatrix, Logan T. Robertson had three children; Laura Lee Safford, born 14 February 1940; Lillian Robertson Shinnick, born 4 January 1944; and Logan T. Robertson, Jr., born 6 June 1946. Subsequent to the death of testatrix, Logan T. Robertson and his wife, Elizabeth R. Robertson, were divorced. On 13 September 1966, Logan T. Robertson was married to Mary Mesnard Robertson, and to this marriage Amerette Robertson was born on 16 August 1967.

The court found facts and concluded that the bequest to the children of Hope T. Norburn was a bequest to them as a class, the class to close at the death of Hope T. Norburn. We agree with this conclusion, and no question is raised on this appeal with respect thereto.

The court also concluded that the bequest to the children of Logan T. Robertson was a bequest to them as a class. We agree with this conclusion.

The court's conclusion No. 8 is as follows:

"That the bequest of the trust estate, known of as the Logan T. Robertson Fund to the children of Logan T. Robertson vested in the said children of Logan T. Robertson living at the death of the said Hope T. Robertson, subject to the life estate of Hope T. Norburn and Logan T. Robertson in the income and principal of said Fund, and further subject to open to make room for any and all other members of said class, to wit any and all other children born to the said Logan T. Robertson prior to the falling in of the intervening estate, that is upon the death of the said Logan T. Robertson."

With this conclusion we do not agree.

Respondents argue that the gift to the children of Logan T. Robertson was a gift to individuals and not to a class, but if a class gift, the class closed at death of testatrix. We cannot agree that the gift was one to individuals. Testatrix certainly did not name the individuals to take. It is true she named them

at the beginning of Item IV, but this was solely for the purpose of listing their holdings in Champion Paper and Fibre for the use of the executors and trustees in equalizing shares they would eventually take. Nor do we find any expression of testatrix which would indicate her intention that the gift be a gift to individuals.

> "A gift to a class is a gift of 'an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, and who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number.' A gift to a group of persons who are not named and who have one or more characteristics in common by which they are indicated or who answer to a general description is, prima facie, a gift to a class." 4 Bowe-Parker: Page on Wills, § 35.1, p. 487-488.

Thus, if the testatrix makes no attempt to name the individual members of the class or to identify them individually by description, but merely designates the class, such as "children," whether testatrix's children, or the children of another, the courts generally treat such a gift as prima facie a gift to a class. Id., § 35.2. We find nothing in the will before us indicating a contrary intent.

Having determined that testatrix's gift to her grandchildren by the creation of The Logan T. Robertson Fund was a class gift, the question then becomes when does the class close or when are the children of Logan T. Robertson to be determined?

> "In *Smith v. Mears,* 218 N.C. 193 (197) citing a wealth of authorities, it is said: '*In limine,* it may be well to recall that the guiding star in the interpretation of wills, to which all rules must bend, unless contrary to some principle of law or public policy, is the intent of the testator, and this is to be ascertained from the language used by him, "taking it by its four-corners," and considering for the purpose the will and any codicil or codicils as constituting one instrument.'" *Walsh v. Friedman,* 219 N.C. 151, 160, 13 S.E. 2d 250 (1941).

We think the intention of testatrix is clear and expressed by unambiguous words. Most importantly, testatrix used com-

pletely different language in Logan Robertson trust than she did in the Hope Norburn trust. The Hope Norburn trust was established first. In that trust she provided specifically that "(u)pon the death of my daughter, Hope T. Norburn" the trustee should divide the fund into separate shares of equal value so that there "shall be one such share for each such child *then living* and one such share for the living issue collectively of each child of Hope T. Norburn *then deceased . . . "* , this to be done in accordance with her desires with respect to the equalization of shares her "grandchildren" would eventually receive as she had previously expressed. However, when she set up the Logan Robertson trust, testatrix used the exact phraseology with respect to equalization of shares, of her grandchildren and charging each share with the gifts of stock with the exception that she did not use the words "upon the death of" Logan T. Robertson, "if (he) survives me, or upon my death if (he) does not." She simply directed the trustee to "divide the Logan T. Robertson Fund into separate shares of equal value so that there shall be one such share for each child of Logan T. Robertson then living and one such share for the living issue collectively of each child of Logan T. Robertson then deceased . . . " In making provisions for income distribution, she said: "If my son, Logan T. Robertson, is living at the date of my death, the various funds as *above constituted* shall" (emphasis added) be administered as directed. Throughout the trust she referred to the funds for her grandchildren as having been established, although she provided for use of income and principal for Logan T. Robertson during his lifetime if the trustee deemed it necessary. Payment of principal to children of Logan Robertson during his lifetime was to be made from "such beneficiary's share."

It seems to us clear that testatrix knew how to create interests vesting only at Logan Robertson's death. She had certainly done so in The Hope T. Norburn Fund. Having omitted those words in The Logan Robertson Fund, we think she clearly intended that the children of Logan Robertson were to be determined at her death and the division of shares for them made then. We, therefore, hold that the class was fixed at the death of Hope T. Robertson. "Persons who are born after the class is fixed, cannot take, although they would otherwise answer to the description in the will." Bowe-Parker: Page on Wills, *supra*, § 35.14, p. 538. It follows that Amerette Robertson, having

been born after the death of testatrix, cannot take under the will of Hope T. Robertson.

The judgment of the trial court must be

Reversed.

Judges CAMPBELL and PARKER concur.